# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 30, 2013

No. 13-20113
Summary Calendar

Lyle W. Cayce
Clerk

JAMES HOLLOWMAN MAXWELL,

Plaintiff - Appellant

v.

U.S. BANK NATIONAL ASSOCIATION, As Trustee For JP Morgan
Mortgage Acquisition Trust 2006-HE3 Asset Backed Pass-Through
Certificates Series 2006-HE3, Mortgage Electronic Registration Systems, Inc.,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-534

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The plaintiff, James Holloman Maxwell, appeals the district court's dismissal of his case on the grounds that it was barred by res judicata. U.S. Bank and MERS, the defendants, argue that the district court properly dismissed the case because the claims were barred by the res judicata effect of two earlier cases brought by Maxwell which were dismissed with prejudice.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20113

Because we agree that res judicata bars these claims, we AFFIRM the judgment of the district court.

I.

This case arises out of the foreclosure proceedings involving Maxwell's home. In 2006, Maxwell executed a promissory note that was secured by a Deed of Trust encumbering Maxwell's home (the "Property"). The Deed of Trust designated MERS as the beneficiary for the benefit of the lender and the lender's successors and assigns. On April 6, 2010, U.S. Bank foreclosed on the Property.

In 2009, prior to the foreclosure, Maxwell filed a pro se suit against U.S. Bank and others in Texas state court (the "2009 Case") alleging that the defendants' actions during the foreclosure proceedings violated the Texas Truth in Lending Act. The defendants removed the case to federal court. On April 30, 2010, after the foreclosure, Maxwell filed his second amended complaint in the 2009 Case, in which he challenged both MERS's actions in relation to the foreclosure (although MERS was not a named defendant in that case) and U.S. Bank's standing to foreclose on the home. The district court subsequently granted U.S. Bank's motion to dismiss the 2009 Case and entered a final judgment dismissing the case with prejudice.

On April 5, 2010, Maxwell brought a separate pro se action in the Southern District of Texas (the "2010 Case") against several attorneys – in their individual capacities – who represented U.S. Bank and other parties to the foreclosure. On April 19, after the foreclosure, Maxwell filed his first amended complaint in the 2010 Case in which he challenged the defendants' actions in connection with the foreclosure. Shortly thereafter, the district court granted the defendants' motion to dismiss and dismissed the case with prejudice.

II.

Maxwell filed this case in 2012 in Texas state court to avoid eviction from the Property. U.S. Bank and MERS removed the case to federal court and filed

2

No. 13-20113

a motion to dismiss. Maxwell responded by filing an amended complaint, after which U.S. Bank and MERS again filed a motion to dismiss. The district court, adopting the recommendation of the magistrate judge, granted the defendants' motion to dismiss on the grounds that Maxwell's claims were barred by res judicata. Maxwell then brought this appeal.

III.

We review the res judicata effect of a prior judgment de novo. *See Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 546 (5th Cir. 2001). A district court's decision to grant a motion to dismiss for failure to state a claim based on Rule 12(b)(6) is also reviewed de novo. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A claim is barred by res judicata when: (1) the parties in the prior and present suit are identical; (2) a court of competent jurisdiction rendered the prior judgment; (3) the prior judgment was final and on the merits; and (4) the plaintiff raises the same cause of action in both suits. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). Because Maxwell does not dispute that the district courts had jurisdiction in the prior cases or that the judgments in the prior cases were final and on the merits, we limit our discussion to the two other requirements, beginning with a determination of whether this case involves the same causes of action.

A.

To determine whether two cases involve the same cause of action, we engage in an analysis under the transactional test. *In re Paige*, 610 F.3d 865, 872 (5th Cir. 2010). The transactional test extends the prior judgment's preclusive effect to all potential claims of the plaintiff concerning "any part of the transaction, or series of connected transactions, out of which the original action arose." *Id*. A subsequent claim is thus barred if it arises out of the "same nucleus of operative facts." *Id*. Res judicata extends beyond claims that were actually raised and bars all claims that "could have been advanced in support of

No. 13-20113

the cause of action on the occasion of its former adjudication. . . ." *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990).

Maxwell argues that this case is not barred by res judicata because it does not arise from the same set of operative facts as the prior cases. Maxwell's argument on this issue is simply stated: The claims in this case are based on the foreclosure; the prior cases cannot be based on the foreclosure because they were filed prior to the foreclosure.

Maxwell's argument fails to account for the post-foreclosure amended complaints that were filed in both of the prior cases. These amended complaints raised claims based on the foreclosure proceedings, including the actual foreclosure. In dismissing the 2009 Case, the district court recognized that Maxwell challenged the defendants' "legal standing to foreclose on [Maxwell's] real property because [the defendants] are not 'real parties in interest.'" *Maxwell v. Chase Home Finance LLC*, No. H–09–4038, 2011 WL 181345, *1 (S.D. Tex. Jan. 19, 2011). Despite Maxwell's protestations to the contrary, these prior suits clearly arise from the same operative facts as this case. For this reason, this case involves the same causes of action as the prior cases.

B.

Maxwell also argues that res judicata does not bar his claims because the parties are not identical. Maxwell states that U.S. Bank and MERS "were never parties to or included in the previous suits" and goes on to assert that Maxwell had no connection with these defendants at the time of the earlier suits. With regard to U.S. Bank, this issue is easily resolved. U.S. Bank was a named defendant in the 2009 Case[1] and claims against it are therefore barred by res judicata.

---

[1] Maxwell improperly named U.S. Bank in his 2009 Case as "U.S. National Association J.P. Morgan Mortgage." *See Maxwell v. Chase Home Financial LLC*, 2011 WL 181345, *1 n. 1 (recognizing the misnaming).

No. 13-20113

MERS is a slightly more difficult issue as MERS was not a named defendant in either of the prior cases. Generally, there will not be preclusion against nonparties. *See Hansberry v. Lee*, 311 U.S. 32, 40 (1940) ("[O]ne is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process."). This rule, however, has exceptions. One of these exceptions includes "a variety of pre-existing substantive legal relationships between the person to be bound and a party to the judgment." *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008) (internal quotation marks omitted). Legal relationships such as "preceding and succeeding owners of property, bailee and bailor, and assignee and assignor" justify preclusion. *Id.* More broadly, this court has recognized that the identity of parties element can be satisfied if the defendants in the two cases are in privity. *See Russell v. SunAmerica Securities, Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992).

Here, the "Original Mortgagee" identified in the loan documents was MERS as nominee, and the "Current Mortgagee" was U.S. Bank. The Deed of Trust also identifies MERS as acting as "a nominee for Lender and Lender's successors and assigns." In this case, the "Lender's successors and assigns" is U.S. Bank. This legal relationship between the parties is sufficiently close to fit under the exception described in *Taylor*. Additionally, although MERS was not a named defendant in either case, Maxwell did raise challenges to MERS's actions in the foreclosure arguing that MERS did not have standing to foreclose on the properties. Based on these facts, we hold that there is an adequate relationship between MERS and the prior named defendants, specifically U.S. Bank, to fit the exception to nonparty preclusion. *See Russell*, 962 F.2d at 1173 (describing privity as "a broad concept" which requires "[looking] to the surrounding circumstances to determine whether claim preclusion is justified"). Because we hold that Maxwell's claims in this case arise out of the same set of

No. 13-20113

operative facts as the prior cases, and the parties in both cases are the same, Maxwell's claims are barred by res judicata.

## IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.