Filed 6/8/15  Anolik v. Bank of America CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| JERRY I. ANOLIK,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>BANK OF AMERICA, N.A. et al.,<br><br>Defendants and Respondents. | C072333<br><br>(Super. Ct. No. 34-2011-00103488-CU-OR-GDS) |

Plaintiff Jerry I. Anolik appeals from a judgment of dismissal entered after the trial court sustained the demurrer of defendants Bank of America, N.A. (BofA), BAC Home Loan Servicing, L.P. (BAC), ReconTrust Company, N.A. (ReconTrust), and Mortgage Electronic Registration Systems, Inc. (MERS) to Anolik's first amended complaint without leave to amend.  Anolik contends the trial court erred in concluding that the complaint, which sought to enjoin a nonjudicial foreclosure sale, was barred by res judicata.  We agree with the trial court.  The complaint is barred by the judgment in a

1

prior action in federal court by Anolik against BAC and ReconTrust. Accordingly, we affirm the judgment.

## BACKGROUND[1]

Patrick J. Carboni signed a promissory note and obtained a $215,000 loan from Countrywide Home Loans, Inc. (Countrywide) in August 2007. The loan was secured by a deed of trust against residential real property in Fair Oaks.

The deed of trust named MERS as beneficiary as nominee for the lender and its successors and assigns. MERS later assigned its interest in the deed of trust to BAC.

Anolik alleges he acquired title to the property by grant deed in 2008 or 2009. Although Carboni appears to have signed a grant deed in Anolik's favor in November 2008, the instrument was not recorded until December 1, 2009.

Between October 2009 and November 2010, Anolik made monthly payments on Carboni's loan, which BofA accepted. Anolik alleges he made loan payments in the total amount of $15,136. However, Anolik concedes he never assumed the loan.

In December 2010, ReconTrust, acting as trustee under Carboni's deed of trust, recorded a notice of trustee's sale, setting December 29, 2010, as the sale date.

*The Prior Lawsuit*

On December 27, 2010, Anolik filed a lawsuit in the Sacramento County Superior Court to halt the foreclosure sale. Anolik's complaint alleged most of the facts set forth above and asserted claims against BAC and ReconTrust for: (1) injunctive relief to stop the foreclosure sale; (2) declaratory relief under Carboni's promissory note; (3) declaratory relief under Carboni's deed of trust; (4) wrongful foreclosure;

---

[1] Because this appeal follows the sustaining of a demurrer without leave to amend, we summarize the underlying facts as alleged in the operative (first amended) complaint. (*Landmark Screens, LLC v. Morgan, Lewis & Bockius, LLP* (2010) 183 Cal.App.4th 238, 240.) Our summary also includes facts subject to judicial notice. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 6.)

(5) damages for wrongful foreclosure; (6) an accounting of amounts due under Carboni's loan; (7) violation of the federal Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. § 2601 et seq.); (8) violation of the federal Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. § 1692 et seq.) by BAC; and (9) violation of the FDCPA by ReconTrust.

BAC and ReconTrust removed Anolik's action to the United Stated District Court for the Eastern District of California based on federal question jurisdiction. Anolik did not file a motion to remand.

BAC and ReconTrust then filed a motion to dismiss Anolik's complaint pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. The federal court granted the motion in its entirety, finding that "[Anolik] lacks the requisite standing to bring the present lawsuit, whose allegations hinge entirely on the propriety of a foreclosure to which [Anolik] was not a party, and which involved both a default that had already occurred, and foreclosure proceedings that had already commenced, by the time [Anolik] memorialized any ownership interest in the property whatsoever. The Court therefore concludes that [Anolik] lacks standing and dismisses the lawsuit on that basis." The federal court further found that "[Anolik] has not alleged, either in his papers or at the time of the hearing, that he has tendered or is able to tender the amount of the secured debt in response to Defendants' reliance on the tender rule." The federal court continued, "Therefore, [Anolik] is foreclosed on that basis from proceeding with this lawsuit as well." The federal court concluded, "Because the Court does not believe the deficiencies of [Anolik's] complaint (and in particular the standing deficit) can be cured by amendment, no leave to amend will be permitted."

The federal court entered a judgment of dismissal on April 21, 2011. Anolik did not appeal from the federal court's judgment.

ReconTrust recorded a new notice of trustee's sale in March 2011. Anolik filed a Chapter 13 bankruptcy petition in April 2011, thereby halting the sale. Anolik's bankruptcy proceeding was closed on July 19, 2011.

*The Present Lawsuit*

Anolik commenced the present action in the Sacramento County Superior Court on May 13, 2011. Anolik's first amended complaint asserts claims against BofA, BAC, MERS, and ReconTrust for: (1) injunctive relief to stop the foreclosure sale; (2) declaratory relief under Carboni's promissory note; (3) declaratory relief under Carboni's deed of trust; (4) wrongful foreclosure; (5) damages for wrongful foreclosure; (6) violations of Civil Code former section 2923.52 et seq.; and (7) breach of the implied covenant of good faith and fair dealing.

Defendants demurred to the first amended complaint. After hearing oral argument, the trial court sustained the demurrer without leave to amend, finding that the first amended complaint in the present action "is almost identically captioned to the complaint in [the prior action], and addresses the same primary right and operative set of facts as that addressed in the prior action." The trial court continued, "Having determined the standing issue (among others) adverse to [Anolik], and having entered judgment, [Anolik] may not seek to relitigate the same claims against the same parties for the same right under the same operative set of facts. Under the claim preclusion aspect of the doctrine of res judicata, a prior judgment bars the parties (or those in privity with them) from relitigating the 'same cause of action' in a subsequent proceeding. [Citations.]" Accordingly, the trial court concluded that Anolik's claims were barred by the doctrine of res judicata.

On August 30, 2012, Anolik filed a notice of intention to move for a new trial. The trial court denied the motion.

Anolik filed a timely notice of appeal.

4

DISCUSSION

I

*Standard of Review*

"A demurrer tests the legal sufficiency of the complaint, and the granting of leave to amend involves the trial court's discretion.  Therefore, an appellate court employs two separate standards of review on appeal.  [Citations.]  First, the complaint is reviewed de novo to determine whether it contains sufficient facts to state a cause of action.  [Citation.]  In doing so, we accept as true the properly pleaded material factual allegations of the complaint, together with facts that may be properly judicially noticed.  Reversible error exists only if facts were alleged showing entitlement to relief under any possible legal theory.  [Citations.]" (*Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497.)

"Second, where the demurrer is sustained without leave to amend, reviewing courts determine whether the trial court abused its discretion in doing so.  [Citations.]  On review of the trial court's refusal to grant leave to amend, we will only reverse for abuse of discretion if we determine there is a reasonable possibility the pleading can be cured by amendment.  Otherwise, the trial court's decision will be affirmed for lack of abuse.  [Citations.]" (*Hernandez v. City of Pomona, supra,* 49 Cal.App.4th at pp. 1497-1498.)

II

*Res Judicata*

Anolik argues the trial court erred in concluding that the doctrine of res judicata precludes him from pursuing his current claims against defendants.  We disagree.

A.      *Federal Law Applies to Determine the Preclusive Effect of the Federal Court Judgment*

The United States Supreme Court has recognized that, "[s]tate courts are generally free to develop their own rules for protecting against . . . the piecemeal resolution of disputes," as long as they do not interfere with fundamental federal rights.  (*Richards v.*

*Jefferson County* (1996) 517 U.S. 793, 797 [135 L.Ed.2d 76, 83].)  However, "where a prior federal judgment was based on *federal question* jurisdiction, the preclusive effect of the prior judgment of a federal court is determined by federal law.  [Citations.]"  (*Louie v. BFS Retail and Commercial Operations, LLC* (2009) 178 Cal.App.4th 1544, 1553, original italics.)

Here, the federal court exercised federal question jurisdiction over Anolik's claims for relief under RESPA and FDCPA (28 U.S.C. § 1331) and supplemental jurisdiction over his remaining state law claims (28 U.S.C. § 1367(a)).  Thus, we look to federal law to determine the preclusive effect of the federal court judgment in this case.

B.     *The Present Action Is Barred by Res Judicata*

Under federal law, res judicata (or claim preclusion) arises when four conditions exist:  (1) the order or judgment must issue from a court with appropriate jurisdiction; (2) the judgment must be final and on the merits; (3) there must be an identity of parties or their privies; and (4) the later proceeding must involve the same cause of action as the prior proceeding.  (*In re Justice Oaks II, Ltd.* (11th Cir. 1990) 898 F.2d 1544, 1550.)  We consider each of these conditions in turn.

1.     The Federal Court's Jurisdiction

Preliminarily, Anolik observes that the federal court "is a court of limited jurisdiction, in that federal courts are presumptively without jurisdiction over a civil action and the burden of establishing jurisdiction rests upon the party asserting that jurisdiction is present."  Anolik further observes that "the district court's decision does not even mention the concept of jurisdiction."

It is not clear whether Anolik means to suggest that the federal district court lacked jurisdiction in the prior lawsuit.  To the extent that Anolik intends such an argument, we reject it.  Anolik's original complaint asserted claims "arising under" federal law.  The complaint was removed to federal court on the basis of federal question jurisdiction.  The federal court exercised federal question jurisdiction over Anolik's

6

federal claims and supplemental jurisdiction over the remaining state law claims. Anolik does not appear to have challenged the exercise of subject matter jurisdiction in federal court, and cannot properly do so here.

Anolik next argues that the federal court's judgment "is not binding upon the state courts, who [*sic*] are free to entertain a state law action based upon state law claims." We disagree. California gives full faith and credit to a final order or judgment of a federal court. (*Levy v. Cohen* (1977) 19 Cal.3d 165, 172; Code Civ. Proc., § 1908, subd. (a)(2).) Consequently, the federal court's judgment "has the same effect in the courts of this state as it would have in a federal court." (*Levy v. Cohen, supra,* at p. 172.)

Relying on *Merry v. Coast Community College Dist.* (1979) 97 Cal.App.3d 214 (*Merry*), Anolik contends the trial court should have considered his state law claims in spite of the federal court's judgment. *Merry* is distinguishable.

In *Merry*, the plaintiff brought an action in federal court asserting federal claims only. (*Merry, supra*, 97 Cal.App.3d at p. 219.) During the pendency of the federal action, the plaintiff filed an action in state court alleging state common law causes of action based on the same material facts. (*Id.* at p. 220.) The federal court granted the defendants' motion for summary judgment, thereby terminating the plaintiff's federal action. (*Id.* at pp. 219-220.) The trial court sustained the defendant's demurrer to the plaintiff's complaint in the state action on the basis of res judicata. (*Id.* at p. 220.) The Court of Appeal reversed.

The *Merry* court recognized an exception to the res judicata rule where state and federal claims are pursued together and the federal court disposes of the federal claims and declines to exercise pendent jurisdiction over the state law claims. (*Merry, supra,* 97 Cal.App.3d at p. 228 ["it has been held that a [federal court's] refusal to exercise pendent jurisdiction over a state claim following pretrial dismissal of a federal claim does not bar litigation of state claims in the state court."].) Thus, the *Merry* court held that a judgment in a prior federal action will not bar a subsequent state lawsuit under the

principle of res judicata for claims *not asserted* in the federal action "where it is clear that the federal court would have declined to exercise jurisdiction over the state claim." (*Id.* at p. 229.)

Here, unlike *Merry*, the federal court considered all of Anolik's claims, both state and federal. The federal court did not decline to exercise supplemental jurisdiction over Anolik's state law claims. To the contrary, the federal court carefully considered and rejected them. Thus, we conclude that *Merry* is distinguishable, and the exception to the res judicata doctrine discussed in that case does not apply here.

### 2. Final Judgment on the Merits

Anolik notes the doctrine of res judicata usually applies to judgments rendered after trial on the merits. However, "Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] is a 'judgment on the merits' to which res judicata applies." (*Stewart v. U.S. Bancorp* (9th Cir. 2002) 297 F.3d 953, 957, citing *Federated Department Stores, Inc. v. Moitie* (1981) 452 U.S. 394, 399 [69 L.Ed.2d 103, 109], fn. 3 ["[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits' "].) As the Ninth Circuit has explained, a "[r]ule 12(b)(6) dismissal" necessarily qualifies as a judgment on the merits because "a district court analyzes the facts and legal claims in the complaint to determine if the plaintiff has alleged a [cognizable] cause of action." (*Stewart v. U.S. Bancorp, supra,* at p. 957.) Thus, under established federal law, the federal court's dismissal of Anolik's complaint qualified as a final judgment on the merits.

### 3. Same Parties or Their Privies

The present action involves the same parties or their privies as the federal action. The parties to the federal action were Anolik, BAC, and ReconTrust. The present action includes the original parties to the federal action (Anolik, BAC, and ReconTrust) and adds BofA and MERS.

8

The complaint alleges that BAC is a wholly owned subsidiary of BofA. Thus, BofA and BAC are in privity for res judicata purposes. (*In re Imperial Corp. of America* (9th Cir. 1996) 92 F.3d 1503, 1507 [parent-subsidiary relationship establishes privity for purposes of res judicata].)

MERS is newly named in the present suit; however, its involvement appears to be limited to its role as beneficiary of Carboni's deed of trust as nominee for the lender and its successors and assigns, including BAC. Thus, MERS is in privity with the lender or loan servicer. (*Maxwell v. U.S. Bank, N.A.* (5th Cir. 2013) 544 Fed.Appx. 470, 473.) Accordingly, we conclude the present action involves the same parties or their privies as the federal action.

### 4. Same Cause of Action

Anolik argues that the federal court left certain state law claims unresolved, but does not address the question whether the two cases involve the same cause of action.[2] We conclude they do.

Federal courts apply the " 'transactional nucleus of facts' " test to determine whether claims are identical. (*Brodheim v. Cry* (9th Cir. 2009) 584 F.3d 1262, 1268.) Under that test, "[a] court is to apply four criteria to decide whether there is an identity of claims: '(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve

---

[2] Anolik claims that "the federal court decision only held that [Anolik's] standing to contest the foreclosure was absent because [Anolik] had not assumed, and consequently was not bound by, the terms of the promissory note and deed of trust. Nothing in that opinion reaches the state law claims that [Anolik], as owner of the real property subject to the lien of the deed of trust, was unable to contest the validity of the nonjudicial foreclosure sale of the property which [Anolik] owned. That state law claim remains unadjudicated to the present day . . . ." We disagree. The federal court considered -- and rejected -- Anolik's claim that he has the right to challenge the foreclosure sale.

9

infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.' [Citation]. The fourth criterion is the most important. [Citation.]" (*Harris v. County of Orange* (9th Cir. 2012) 682 F.3d 1126, 1132.) We consider these criteria in reverse order.

First, the two lawsuits arise from the same transactional nucleus of facts. Both lawsuits involve (1) Anolik's claimed ownership of the property; (2) Countrywide's loan to Carboni and Carboni's promissory note and deed of trust; (3) the assignment of Carboni's deed of trust to BAC and BAC's nonjudicial foreclosure of that instrument; and (4) Anolik's monthly payments on Carboni's loan from October 2009 through November 2010.

Second, the two lawsuits involve the infringement of the same rights. The complaints in the two lawsuits allege five virtually identical claims for injunctive and declaratory relief and for wrongful foreclosure. The present action adds claims for breach of the implied covenant of good faith and fair dealing and violations of Civil Code former section 2923.52 and abandons Anolik's earlier claims for an accounting and violations of RESPA and the FDCPA. Despite these differences, both actions seek to remedy the same basic right; namely, Anolik's right to the property.

Third, the two lawsuits rely upon "substantially the same evidence." The same promissory note, deed of trust, assignment, notice of default, notices of sale, and loan payment history would constitute the principal evidence on Anolik's claims in both cases.

Finally, prosecution of the present lawsuit would impair rights or interests established by the federal court's judgment. In dismissing Anolik's first lawsuit, the federal judge reasoned: "Were the Court to permit [Anolik's] now-asserted interest in the property to subvert the foreclosure proceedings, its ruling would amount to permitting any third party to halt foreclosure proceedings simply by claiming that it made some payment on the loan and did not thereafter receive the requisite procedure/notice attendant to foreclosure. Such a finding by the Court would amount to an utterly

10

unwarranted intrusion by the Court into the orderly mechanics of non-judicial foreclosure. This the Court categorically declines to do."

The present action seeks the same judicial intrusion into the orderly mechanics of nonjudicial foreclosure. Accordingly, we conclude that rights or interests established in the prior action would be destroyed or impaired if the present action proceeds. We further conclude that the criteria for establishing an identity of claims have been met.

To summarize, we conclude that (1) the federal court's judgment issued from a court with appropriate jurisdiction; (2) the judgment was final and on the merits; (3) the two lawsuits involved the same parties or their privies; and (4) the two lawsuits involved the same cause of action. Accordingly, we conclude that the trial court correctly determined that the doctrine of res judicata bars the present action.

## III

### *Leave to Amend*

Finally, Anolik contends the trial court abused its discretion by denying leave to amend. Anolik insists he can amend to allege claims that do not require him to have assumed the note and deed of trust or tendered the outstanding indebtedness. However, Anolik's proposed claims are based on the same set of operative facts as the claims asserted in the prior action. As such, Anolik's proposed claims could have been raised in the prior action.

A " 'prior judgment is res judicata on matters which were raised or could have been raised, on matters litigated or litigatable.' " (*Wade v. Ports America Management Corp.* (2013) 218 Cal.App.4th 648, 657, quoting *Sutphin v. Speik* (1940) 15 Cal.2d 195, 202, italics omitted.) Accordingly, Anolik's proposed claims are barred by res judicata. (*Tensor Group v. City of Glendale* (1993) 14 Cal.App.4th 154, 160.) The demurrer was therefore properly sustained without leave to amend. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879.)

11

## DISPOSITION

The judgment is affirmed.  Defendants shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


      NICHOLSON     , Acting P. J.


We concur:


      MAURO     , J.


      DUARTE     , J.