# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11102
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 2, 2015

Lyle W. Cayce
Clerk

RANDY WARREN,

      Plaintiff - Appellant

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INCORPORATED, as nominee for American Brokers Conduit; AMERICAN
BROKERS CONDUIT,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-4185

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

      Randy Warren appeals the dismissal of his claims against Mortgage Electronic Registration Systems, Inc. ("MERS") and American Brokers Conduit ("ABC") arising out of the attempted foreclosure of his property. Because Warren's claims are barred by res judicata, we AFFIRM.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11102

## FACTUAL AND PROCEDURAL BACKGROUND

This is the third in a series of three lawsuits Warren has filed in an attempt to avoid foreclosure of his home located in Dallas, Texas. Because this court has already addressed Warren's claims on two prior occasions, we will only briefly summarize the relevant factual and procedural history. *See Warren v. Bank of Am., N.A.*, 566 F. App'x 379 (5th Cir. 2014) ("*Warren I*"); *Warren v. Bank of Am., N.A.*, No. 3:13-CV-1135-M, 2014 WL 1315855 (N.D. Tex. Mar. 27, 2014), *summarily aff'd*, No. 14-10540 (5th Cir. July 15, 2014) ("*Warren II*").

Warren purchased the property in 2006 by obtaining a home-equity loan from ABC. He signed a promissory note in the principal amount of $255,200, which he secured by executing a deed of trust. The deed of trust named ABC as the lender, identified MERS as the nominee for the lender, and granted MERS the right to exercise any or all of the interests Warren granted in the deed of trust. In December 2008, MERS assigned the deed of trust to Bank of America, N.A.'s predecessor in interest, BAC Home Loans Servicing, L.P.[1] When Warren later defaulted on the note, Bank of America attempted to foreclose.

Warren then started filing a series of lawsuits. First, Warren sued Bank of America in December 2011 in state court. Among other things, Warren alleged that MERS had no right to assign the note or deed of trust because it was not a party to, and never had a beneficial interest in, the note. Bank of America removed the case to the United States District Court for the Northern District of Texas and moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court granted

---

[1] At the time the deed of trust was assigned, BAC was known as Countrywide Home Loans Servicing, L.P.

2

No. 14-11102

Bank of America's motion, dismissing Warren's claims with prejudice. We affirmed.

In March 2013, while *Warren I* was still pending, Warren filed another lawsuit against Bank of America in state court. This time, he alleged: (1) a violation of the Texas Constitution's loan-to-value provision, (2) claims for wrongful foreclosure, and (3) violations of state and federal debt collection laws. Bank of America again removed the case to the Northern District of Texas and filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim. The district court granted the motion, again dismissing Warren's claims with prejudice. Warren appealed and Bank of America filed a motion for summary affirmance on res judicata grounds, which this court granted in July 2014.

In September 2013, Warren filed the current lawsuit in state court against MERS and ABC. ABC was apparently never served and has never appeared in the case. Warren again challenged MERS's ability to assign the note and deed of trust and again alleged that the loan violated the Texas Constitution's loan-to-value provision. He also contended that no party had the ability to foreclose and sought a declaration that the deed of trust was invalid and unenforceable. As in the two previous suits, the case was removed to the Northern District of Texas. MERS filed a motion to dismiss, arguing that Warren's claims were barred by res judicata or, in the alternative, that Warren had failed to state a claim to relief. The district court granted MERS's motion. The court declined to address MERS's res judicata argument, and instead addressed the merits of Warren's claims. Warren appeals.

## DISCUSSION

"We review a district court's grant of a motion to dismiss de novo." *Hasse v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 630 (5th Cir. 2014) (citation

3

No. 14-11102

omitted).  "[W]e are not restricted to ruling on the district court's reasoning, and may affirm a district court's grant of a motion to dismiss on a basis not mentioned in the district court's opinion." *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 486 (5th Cir. 2002) (citations and quotations omitted).  Because we conclude res judicata is the most significant of the issues before us, we will resolve the case on that basis.

"Claim preclusion, or pure res judicata, is the venerable legal canon that [e]nsures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994) (citation and internal quotations omitted). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.*" Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (citation and quotations omitted).  For res judicata to apply, four conditions must be satisfied: (1) the parties to both actions are identical, or in privity; (2) a court of competent jurisdiction rendered the judgment in the first action; (3) the first action concluded with a final judgment on the merits; and (4) both suits involved the same claim or cause of action.  *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004) (citation omitted).

Here, all four conditions are satisfied.  First, though MERS was not a party to *Warren I* or *Warren II*, it is in privity with Bank of America, the defendant in both prior suits.  Though, generally, preclusion does not apply to nonparties, there are important exceptions to this rule.  *See Taylor v. Sturgell*, 553 U.S. 880, 892–93 (2008).  For example, "nonparty preclusion may be justified based on a variety of pre-existing substantive legal relationships between the person to be bound and a party to the judgment."  *Id.* at 894 (citation and internal quotations omitted).  "Qualifying relationships include, but are not limited to, preceding and succeeding owners of property . . . and

4

assignee and assignor." *Id.* (citation omitted). In a recent unpublished opinion which we find persuasive, we relied on *Taylor* to hold that the legal relationship between MERS, the deed of trust beneficiary, and the mortgagee bank that was the defendant in the mortgagor's prior lawsuit was sufficient to satisfy the privity requirement. *See Maxwell v. U.S. Bank Nat. Ass'n*, 544 F. App'x 470, 473 (5th Cir. 2013). Like in *Maxwell*, MERS and Bank of America are sufficiently related to satisfy the first res judicata requirement. With regard to the second element, there is no dispute that the decisions of the district courts in *Warren I* and *Warren II* constitute judgments rendered by a court of competent jurisdiction.

Third, the decisions in *Warren I* and *Warren II* were final judgments on the merits. For purposes of res judicata, a "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (citations and internal quotations omitted).[2]

Finally, this suit involves the same claim or cause of action as *Warren I* and *Warren II*. This court uses the transactional test to determine whether two suits involve the same claim or cause of action. *See United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (citation omitted). This test requires us to consider whether the two cases are based on "the same nucleus of operative facts." *Id.* (citation and quotations omitted). "The nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim." *Id.* (citation omitted). If both cases are based on the same nucleus of operative facts, "the prior

---

[2] Warren argues that dismissals for want of jurisdiction are not decisions on the merits for res judicata purposes. Warren is correct that a jurisdictional dismissal is insufficient to serve as a final judgment on the merits, but that exception does not apply here because *Warren I* and *Warren II* involved dismissals for failure to state a claim and not for want of jurisdiction. *See Oreck*, 560 F.3d at 401 & n.2.

No. 14-11102

judgment's preclusive effect extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.* (citation and internal quotations omitted).

Warren contends that the fourth element is not satisfied because he has raised legal claims that were not raised in the two prior suits. Raising new claims, though, does not allow Warren to avoid the preclusive effects of the prior judgments. Even with new claims, this case is based on the same nucleus of operative facts as *Warren I* and *Warren II*. Each of the suits is based on the same loan that Warren obtained in 2006. Both of the prior suits challenged MERS's assignment of the loan to Bank of America. And Warren raised the same constitutional argument in the second suit that he raises now. Though Warren has also raised various other claims, they arise from the same nucleus of operative facts and thus could have, and should have, been asserted in the prior suits.[3]

AFFIRMED.

---

[3] All pending motions are DENIED.