# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2021

Lyle W. Cayce
Clerk

No. 21-20225
Summary Calendar

CONRELL HADLEY,

*Plaintiff—Appellant*,

*versus*

THE BANK OF NEW YORK MELLON, AS TRUSTEE; CARRINGTON
MORTGAGE SERVICES, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-2553

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Conrell Hadley appeals the district court's summary judgment in favor of Defendants, the Bank of New York Mellon, as Trustee, and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-20225

Carrington Mortgage Services, L.L.C. Because Hadley's claims are barred by the doctrine of res judicata, we AFFIRM.[1]

## BACKGROUND

In 1989, Hadley bought the property located at 6908 Fox Mesa Lane in Humble, Texas. In October 2004, Hadley executed a note and home equity deed of trust promising to repay a $72,000 loan and granting a lien against the property to America's Wholesale Lender, the mortgagee.

In December 2016, after the mortgagee applied for a foreclosure order, Hadley filed suit in state court against Ditech Financial, L.L.C., f/k/a Green Tree Servicing, L.L.C. ("Ditech"), the mortgage servicer, contesting the defendant's right to foreclose. Hadley asserted claims for breach of contract, alleging that Ditech failed to abide by certain provisions in the deed of trust before proceeding with foreclosure. Hadley also alleged that Ditech failed to comply with certain federal statutes and regulations, as well as state laws, prior to applying for foreclosure.

Ditech removed the action to federal district court. Thereafter, Hadley moved to voluntarily dismiss all of his claims against Ditech without prejudice. After the district court conducted a conference with the parties, however, the district court entered a "Final Dismissal" on February 13, 2017, which provided: "Having been advised that Conrell Hadley no longer wishes to pursue his claims against Ditech Financial, LLC, this case is dismissed *with prejudice*." (emphasis added). No appeal from the final dismissal was taken.

In June 2020, Hadley filed the instant suit in state court against the Bank of New York Mellon ("Bank"), which he alleged was the "current

---

[1] We also GRANT Defendants' motion for judicial notice.

purported 'mortgagee' of the mortgage loan" relating to his property. He also sued Carrington Mortgage Services, L.L.C. ("Carrington"), which he alleged was the "current purported mortgage servicer" of the mortgage. Hadley contended that Defendants first sent him a notice of acceleration of the loan on July 15, 2010, and that because Defendants had not sought foreclosure within four years of that date, any foreclosure sale would be time-barred and consequently the deed of trust had to "be stripped from the title record and title quieted in [his] name." He sought a declaratory judgment that expiration of the statute of limitations barred foreclosure, rendered the deed of trust held by Defendants void, and entitled him to quiet title relief. He also sought a permanent injunction preventing Defendants from interfering with his status as owner, as well as attorney's fees and costs.

Defendants removed the action to federal district court and thereafter moved for summary judgment. They argued that Hadley's claims were barred by the doctrine of res judicata. The district court agreed and granted summary judgment in favor of Defendants. Hadley timely filed a notice of appeal.

## DISCUSSION

"Claim preclusion, or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."[2] In order for res judicata to apply, four conditions must be met: "(1) the parties to both actions are identical, or in privity; (2) a court of competent jurisdiction rendered the judgment in the first action; (3) the first action concluded with a final judgment on the merits; and (4) both suits involved

---

[2] *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999) (citation omitted).

the same claim or cause of action."[3] The res judicata effect of a prior judgment is a question of law that we review de novo.[4]

The district court determined that all four conditions for res judicata were met in this case. Specifically, the defendants from both of Hadley's actions were in privity because Ditech was the mortgage servicer and the Bank was the trustee/mortgagee; the district court was of competent jurisdiction in the first action; the first action ended in a final judgment on the merits; and both actions challenged the enforcement of the same lien that secures the same loan on the same property. The district court concluded that because Hadley had the opportunity to raise his claims based on the expiration of the statute of limitations in his first action and should have, res judicata barred him from raising those claims in the instant action.

Hadley does not challenge the district court's determination that the four elements of res judicata have been met in this case.[5] Instead he argues that whether the elements have been met "is not relevant" because "the Deed of Trust is void and therefore res judicata cannot be applied to it." He asserts the deed of trust securing the loan became void when the statute of limitations allegedly expired on July 15, 2014, and that a void deed of trust is equivalent to a void prior judgment.

---

[3] *Warren v. Mortgage Electronic Registration Systems, Inc.*, 616 F. App'x 735, 737 (5th Cir. 2015) (unpublished) (citation omitted). Unpublished opinions issued on or after January 1, 1996, are not precedential but may be persuasive. *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

[4] *Test Masters Educ. Serv., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

[5] Consequently, Hadley has waived any argument that the district court erred in determining that the four elements of res judicata were satisfied. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008) (noting that legal issues not briefed are waived on appeal).

In support of this argument, Hadley cites to a Texas appellate court case, *McNally v. McNally*,[6] that is inapposite. In *McNally*, the appellate court determined that res judicata did not apply because the fourth condition for application of the doctrine (i.e., both suits involved the same claim or cause of action) was not present.[7] The first action was a 1984 divorce proceeding in which a property-settlement agreement between the husband and wife was approved. As part of that agreement, the husband executed a promissory note in favor of the wife, which was secured by a deed of trust on property the couple owned. The second action was a challenge by the husband to the deed of trust securing the note. The appellate court determined that the second suit was not a challenge to the property-settlement agreement, and that the husband's payment obligation under the note would be unaffected by the validity of the deed. Therefore, res judicata was inapplicable.[8]

Here, the district court determined that both of Hadley's actions challenged the enforcement of the same lien that secures the same loan on the same property. As stated above, Hadley does not challenge this determination.[9] Hadley has not cited any other authority supporting his contention that res judicata is inapplicable here.[10]

---

[6] No. 02-18-00142-CV, 2020 WL 5241189 (Tex. App.—Fort Worth Sept. 3, 2020).

[7] *See id.* at *5.

[8] *See id.*

[9] Although the parties address the merits of Hadley's limitations argument, we need not do so because any claim based on the expiration of the statute of limitations is barred by the doctrine of res judicata, as set forth above.

[10] As Defendants point out, this Court has rejected similar arguments that res judicata does not apply when a lien is allegedly invalid based on the expiration of the four-year limitations period for enforcing a real property lien under Texas law. *See Underwood v. Ocwen Loan Serv.*, 829 F. App'x 678 (5th Cir. 2020) (unpublished); *Ballard*, 444 F.3d at

No. 21-20225

Based on the foregoing, we AFFIRM the district court's judgment.

---

401 & n.7 (Unpublished opinions issued on or after January 1, 1996, may be persuasive authority.).