United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60038
Summary Calendar

TRACY BERRY AND CRAIG BERRY,

Plaintiffs-Appellants,

versus

ANGELA HARDWICK, ET AL.,

Defendants,

DAVID PREHN AND DAN PAYNE

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Mississippi
(No. 1:04cv245-D-D)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tracy and Craig Berry appeal the district court's dismissal of their claim against

David Prehn and Dan Payne. Finding no error, we affirm.

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

Tracy and Craig Berry are citizens of Mississippi. They owned a 2001 Chevrolet Malibu which was insured by Safeco Insurance Company of America ("Safeco"). Safeco is a corporation organized and existing under the laws of Washington and has its principal place of business in Washington. On November 27, 2001, the Berrys' car was stolen from the parking lot of a retail store and destroyed by fire. They reported the loss to their local Safeco insurance agent, Dan Payne, a citizen of Mississippi. Payne allegedly advised the Berrys to stop making payments against their car loan in order to expedite the claim. Payne also allegedly told the Berrys not to file a claim for personal effects in the car as Safeco would likely cancel their policy if they filed an additional claim. The Berrys followed Payne's alleged advice. Before receiving any proceeds of their Safeco policy, they purchased a new car for which they purchased a more expensive policy from another insurer.

Safeco investigator David Prehn, also a Mississippi citizen, investigated the claim, a process which lasted almost a year.[1] The Berrys allege that over this time period, efforts to contact Prehn, Payne, and Safeco adjuster Angela Hardwick were unsuccessful. The Berrys also allege that Safeco agents, while investigating the claim, intimated to acquaintances of the Berrys that the Berrys may have been involved with the theft.

On June 21, 2004, the Berrys filed suit in the Circuit Court of Lee County,

---

[1] After eleven months, in October 2003, the claim in the amount of $14,672.20 was paid to the bank that financed the car.

Mississippi, seeking compensatory and punitive damages arising from Safeco and its agents' handling of the claim. The defendants timely removed the action to federal court on August 12, 2004, arguing that since Payne and Prehn, the in-state defendants, had been fraudulently joined, there was complete diversity. The Berrys neither contested the petition for removal nor filed a motion to remand. Payne and Prehn then moved for dismissal or, in the alternative, for summary judgment.

On November 22, 2004, the district court granted the motion to dismiss Payne and Prehn from the suit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] Citing Travis v. Irby, 326 F.3d 644, 647–49 (5th Cir. 2003), the court explained that in order to prove that a plaintiff seeking to defeat diversity jurisdiction has fraudulently joined a non-diverse party, a removing party must prove outright fraud in the pleading of jurisdictional facts or that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court. Because the defendants did not allege fraud in the pleading, the court analyzed whether there was a reasonable possibility that the Berrys could sustain a cause of action against Payne and Prehn in state court.

The Berrys' complaint claimed that Payne and Prehn were liable for the torts of bad faith through delay and refusing to explain reasons for delay, negligent infliction of emotional distress, negligent delay in processing of a claim, and negligent investigation

---

[2] While Payne and Prehn moved in the alternative for summary judgment, the district court treated the motion as a motion to dismiss and did not consider matters outside the pleadings.

of a claim.[3] The district court relied on the Mississippi Supreme Court's recent opinion in Gallagher Bassett Servs. v. Jeffcoat, 887 So. 2d 777 (Miss. 2004), holding that "an insurance adjuster, agent or other similar entity may not be held independently liable for simple negligence in connection [with] its work on a claim." Id. at 783. Jeffcoat further held that "[s]uch an entity may be held independently liable for its work on a claim if and only if its acts amount to any one of the following familiar types of conduct: gross negligence, malice, or reckless disregard for the rights of the insured." Id.

The district court concluded that because Payne and Prehn were acting within the scope of their authority as agents of Safeco and the Berrys had failed to allege facts supporting gross negligence, Payne and Prehn were fraudulently joined. The court accordingly granted the motion dismissing the charges against Payne and Prehn. The court also denied the Berry's motion for a continuance to permit additional discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. The court reasoned that the discovery sought would show only ordinary negligence, not the gross negligence required to sustain a claim against Payne and Prehn.

On December 20, 2004, the court granted the defendants' motion to amend its order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure to enter final judgment dismissing, with prejudice, the claims against Prehn and Payne. The Berrys timely appealed.

---

[3] The Berrys also included a defamation claim, but later conceded that it was barred by statute of limitations.

4

## II. STANDARD OF REVIEW

The district court's dismissal of the claims against Payne and Prehn pursuant to Fed. R. Civ. P. 12(b)(6) was based on its determination that the Berrys lack a reasonable probability of recovery under state law. We review this question of law de novo. Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc., 390 F.3d 400, 405 (5th Cir. 2004).

## III. DISCUSSION

The Berrys submit that the record contains evidence, Tracy Berry's affidavit, from which a jury could find that the actions of Payne and Prehn constituted gross negligence. They argue that the district court erred in not considering the affidavit, citing Gray's holding that in deciding, for purposes of a motion to remand, whether a plaintiff can establish a cause of action against the non-diverse defendant in state court, "the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff truly has a reasonable possibility of recovery in state court." 390 F.3d at 405 (citing Travis v. Irby, 326 F.3d 644, 648–49 (5th Cir. 2003)).

This argument is unavailing for two reasons. First, before us is an appeal not from a decision on a motion to remand that was opposed based on fraudulent joinder, but from a decision on a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). Gray's holding regarding the proper scope of inquiry for a motion to remand is therefore inapposite. "For Rule 12(b)(6) motions, a district court may only consider the allegations in the complaint and any attachments." Travis, 326 F.3d at 648 (citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 (5th Cir. 2002)).

Second, the portion of Gray cited by the Berrys is taken out of context. In Gray, the plaintiffs moved to remand and the defendants opposed on grounds of fraudulent joinder. This Court held that in arguing that joinder was not fraudulent, "the plaintiffs may not rely solely on the allegations in the complaint [to show that joinder was not fraudulent]; the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff truly has a reasonable possibility of recovery in state court." 390 F.3d at 400. Gray does not stand for the proposition urged by the Berrys, that a district court should consider summary judgment-type evidence in deciding whether the plaintiffs have stated a state law claim against the in-state defendants.

In Smallwood v. Illinois Central Railroad, which was filed two months before Gray, this Court articulated the method for predicting whether a plaintiff has a reasonable basis of recovery under state law for purposes of fraudulent joinder analysis.

> A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Even if the district court had decided the motion to dismiss the in-state defendants as if it were considering a fraudulent joinder opposition to a motion to remand, it would have been proper, based on Smallwood, to first consider only the allegations in the complaint. Only

6

if the plaintiff had survived the Rule 12(b)(6)-type challenge should the court have considered evidence outside the pleadings.

For these reasons, we hold that the district court did not err in looking only to the allegations of the complaint in deciding whether the Berrys had stated a claim under state law against Payne and Prehn.

We agree with the district court's conclusion that, based on the complaint, there is no reasonable basis for predicting that Mississippi state law would allow the Berrys to recover against Payne and Prehn. It is not disputed that under Jeffcoat, insurance agents such as Payne and Prehn may not be held liable under Mississippi law for improper acts in adjusting a claim unless the plaintiff demonstrates that those acts amount to "gross negligence, malice, or reckless disregard for the rights of the insured." 887 So. 2d at 783. This Court has reviewed the complaint, accepting all well-pleaded facts as true and viewing the facts in the light most favorable to the Berrys. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996) (citing McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992)). We agree with the district court that on the face of their complaint, the Berrys do not allege a gross negligence claim against Payne or Prehn.[4]

In addition to the fact that the complaint on its face fails to allege gross negligence,

_____

[4] The Berrys argue that the question of whether the acts alleged amounted to gross negligence or simple negligence is a fact question for the jury and that dismissal pursuant to Rule 12(b)(6) is therefore inappropriate. This argument is without merit. "The central issue [in reviewing a motion to dismiss] is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 440 n.8 (5th Cir. 2000). Because the Berry's complaint fails to state a valid claim of gross negligence, dismissal is appropriate.

7

the Mississippi Supreme Court has held that similar factual claims did not constitute gross negligence.  The Jeffcoat court concluded that the insurance adjuster's ten-month delay in payment of benefits was "at the most, negligent."  887 So. 2d at 783.

Because the Berrys lack a reasonable probability of recovering against Payne and Prehn under Mississippi law, the district court did not err in granting the motion to dismiss the claims against Payne and Prehn.

## IV.  CONCLUSION

The decision of the district court is AFFIRMED.