# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10353
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2014

Lyle W. Cayce
Clerk

RANDY WARREN,

Plaintiff - Appellant

v.

BANK OF AMERICA, N.A., as Successor by Merger to B.A.C. Home Loans
Servicing L.P., formerly known as Countrywide Home Loan Servicing, L.P.,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
No. 3:11-cv-3603

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

Randy Warren appeals the district court's judgment dismissing his complaint against Bank of America, N.A., for quiet title to a residential property. For the reasons that follow, we AFFIRM the judgment of the district court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10353

## I.     Factual and Procedural Background

On September 20, 2006, Plaintiff-Appellant Randy Warren obtained a home equity loan for $255,200 from American Brokers Conduit, and he signed a promissory note, which he secured by executing a deed of trust conveying a residential property located at 4131 Buena Vista Street, in Dallas, Texas ("the property"). The note and the deed of trust identify American Brokers as the "Lender," and the deed of trust names Mortgage Electronic Registration Systems, Inc. ("MERS") as the "nominee" for Lender and its successors and assigns, as well as the beneficiary. The deed of trust grants MERS the right to exercise any or all of the interests Warren granted in the deed of trust, including the right to foreclose and sell the property, and to take any action required of the Lender, including releasing and cancelling the deed of trust.

In December 2008, MERS assigned the note and deed of trust to Countrywide Home Loan Servicing, L.P. ("Countrywide"). The assignment identified MERS as the assignor and specified that MERS was acting as a "nominee for Lender and Lender's successors and assigns." The assignment was recorded with the Dallas County Clerk. Countrywide subsequently became known as B.A.C., and Bank of America, N.A. ("BOA") became a successor by merger to B.A.C. BOA then attempted to foreclose on the property by filing a notice of substitute trustee sale.

On December 6, 2011, Warren filed this quiet title action in state court, challenging BOA's authority to conduct a foreclosure sale. That same day, the state court issued a temporary restraining order preventing BOA from foreclosing on the property. On December 30, 2011, BOA removed this action to federal court based on diversity jurisdiction. BOA then moved to dismiss the complaint for failure to state a claim. Warren opposed the motion and, in the alternative, requested leave to amend his complaint. The district court referred the matter to a magistrate judge, and the magistrate judge

2

recommended that the court grant the motion to dismiss with prejudice and deny Warren's request to amend. The district court entered an order adopting the magistrate judge's findings and conclusions on July 24, 2012.

On November 9, 2012, Warren, with the assistance of a new attorney, filed a motion to vacate the final judgment on the ground that he had not received the magistrate judge's findings, conclusions, and recommendation. The district court granted the order and permitted Warren to file objections. BOA responded to the objections, noting that many were not based on the complaint's original claims and that some of his new claims were barred by the statute of limitations.

On March 19, 2013, the district court accepted the magistrate judge's findings, conclusions, and recommendation. It overruled all of Warren's objections, dismissed Warren's complaint with prejudice, and entered judgment in BOA's favor. Warren timely appealed the district court's dismissal of his complaint, but he does not challenge the court's denial of his request to amend.

## II.    Standard of Review

This court reviews a district court's grant of a motion to dismiss de novo. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). In reviewing the complaint, we accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Id.* The facts taken as true must, however, "state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgmt. LLC*, 657 F.3d 252, 254 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This includes the basic requirement that the facts plausibly establish each required element for each legal claim. *Id.* at 682–83; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). However,

No. 13-10353

a complaint is insufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

### III.   Discussion

Warren's claim to quiet title rests on the theory that BOA is not the present owner of the note and, therefore, BOA does not have the right to sell the property at a foreclosure sale.  Specifically, he argues that he is entitled to quiet title because: (1) the Federal National Mortgage Association ("Fannie Mae") has asserted a claim of ownership on his home; (2) MERS could not assign any interest in the loan due to the "ambiguities" in the loan contract; and (3) the note was securitized and transferred to unknown investors, so this further proves that BOA did not legally own the note.  Thus, Warren concludes that he has quiet title to the property over all third-party claims.[1]  We disagree.

---

[1] Warren's appeal raises several other legal issues, all of which have been waived and will not be considered here. Warren argues on appeal that (1) the loan was a Texas home equity loan governed by the Texas State Constitution; (2) the loan was a refinancing for a property already owned by Warren; and (3) the loan was void *ab initio* because the loan-to-value ratio exceeded eighty percent.  Warren raised these arguments for the first time in his objections to the magistrate judge's findings and conclusions.  "[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge." *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) (citing *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994)); *see also Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 307 n.27 (5th Cir. 1999).   Warren claims that, based on the documents attached to his complaint, it was apparent that the loan was a home equity loan from the initial filing of the case, so these arguments have not been waived.  However, his complaint never mentioned a "home equity loan," and made several references to mortgages.  His response in opposition to BOA's motion to dismiss likewise never distinguished between a "conventional mortgage" and a home equity loan.  More importantly, his objections were the first time that he raised legal arguments concerning the validity of the home equity loan under Texas law and alleged that BOA engaged in predatory lending practices.  We consider these arguments waived.

Warren also argues for the first time on appeal that the district court erred in accepting the magistrate judge's conclusions regarding the various alonges to the home equity loan and allegedly concluding that it is irrelevant who owned the loan subject to litigation for purposes of establishing a violation of the federal Fair Debt Collection Practices Act, the Texas Debt Collection Practices Act, and the Emergency Economic Stabilization Act. Since Warren raises these additional contentions for the first time on appeal, we will not consider them. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

No. 13-10353

Warren fails to allege sufficient facts to establish the superiority of his title to the property. Because we have diversity jurisdiction over this action, we must apply the substantive law of the forum state. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). It is undisputed that Texas law governs this matter. Under Texas law, to prevail in a suit to quiet title, the plaintiff must prove: (1) his right, title, or ownership in real property; (2) that the defendant has asserted a "cloud" on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid. *See Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("[T]he plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief."). Thus, the plaintiff "must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.)

Warren first argues that BOA has no claim to the title based on the fact that Fannie Mae allegedly claims an interest in the title. The district court rejected this argument as a basis for quiet title on the ground that it was conclusory and unsupported by specific factual allegations. Moreover, the district court explained that the allegation that Fannie Mae has an interest in the title did not demonstrate that Warren had superior title, which is essential in a quiet title claim. The district court concluded that "[t]his allegation impermissibly relied on the weakness of BOA's title and not on the strength of his own title." Specifically, Warren had not pled that he was current on his mortgage payments, and he offered only "meritless theories to excuse his failure to make those payments." Warren responds in his appeal that he has not had an opportunity to present evidence on this claim to determine the chain

of title for his loan. Since his pleadings merely state that Fannie Mae has "claimed to own a loan at Plaintiff's address," we agree with the district court that Warren's allegations are insufficient to state a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678. Additionally, his failure to establish his own superior right to the property, such as by pleading that he was current on his mortgage payments, also renders his quiet title claim defective. *See, e.g.*, *Gordon*, 352 S.W.3d at 42.

Next, Warren contends that BOA was never legally assigned the note or deed of trust because MERS, as a "nominee," lacked the authority to assign either to third parties. Warren cites cases applying other states' law in order to argue that MERS is a "straw man" and lacks authority to assign a mortgage note. He concedes that this is not a valid interpretation of Texas law but nonetheless urges us to apply the laws of the other states. However, it is well settled that under Texas law, which applies in the present matter, MERS is a mortgagee and may transfer to a mortgage servicer, such as B.A.C., authority to foreclose. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). Additionally, we have previously held that arguments that merely question the validity of an assignment of a deed of trust from MERS to another mortgage servicer are not a sufficient basis for a quiet title action under Texas law. *See Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, No. 12-20623, 2013 WL 2422778, at *2 (5th Cir. June 4, 2013) (per curiam) (unpublished).

Warren also claims that, even if we apply Texas law, there are "ambiguities" in the loan contract. He specifically states that the terms "successors" and "assigns" fail to specify who MERS's successors and assigns are. Thus, he concludes that MERS had a "blank check" to transfer or sell the beneficial interest to "unknown third parties." However, he provides no legal authority for his proposition that, under Texas law, the contract that grants a

mortgagee the right to transfer its interests to mortgage servicers not specifically listed in the document is problematic, let alone that it shows that he has superior title to the property.

Lastly, Warren argues that he is entitled to quiet title because the note was allegedly securitized and transferred to unknown investors, thus making it impossible for BOA to have acquired ownership. The district court rejected this argument on the ground that Warren provided no legal authority for the proposition that the securitization of debt renders the note and accompanying deed of trust unenforceable. The district court explained that a number of other district courts across the country have likewise found this argument meritless. On appeal, Warren raises the same argument without providing legal authority for his claims. Even had he provided legal authority for this proposition, this argument suffers from the same defect as his previous arguments—in attacking the validity of the transfer to BOA, Warren has still not demonstrated that he has superior title. *Fricks*, 45 S.W.3d at 327. We agree with the district court that this argument cannot substantiate his claim to quiet title.

## IV.    Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.

7