# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10249
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2016

Lyle W. Cayce
Clerk

JERRY MASON,

>  Plaintiff - Appellant

v.

FREMONT INVESTMENT & LOAN; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; HSBC BANK USA, NATIONAL
ASSOCIATION, as Trustee for Nomura Home Equity Loan Inc., Asset-
Backed Certificates, Series 2006-FM1; OCWEN LOAN SERVICING, L.L.C.,

>  Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-1909

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

   In September 2005, Plaintiff–Appellant Jerry Mason issued a $128,000 promissory note (the Note) to Defendant–Appellee Fremont Investment (Fremont) in connection with his purchase of property located in Palmer, Texas

---

   * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10249

(Palmer property). The Note was secured by a Deed of Trust (Deed) granting Fremont a lien on the Palmer property. The Deed named Defendant–Appellee Mortgage Electronic Registration Systems, Inc. (MERS)[1] as the beneficiary of the Deed "solely as the nominee for [Fremont] and [Fremont's] successors and assigns." The Deed provided that it could be "sold one or more times without prior notice to [Mason]." In May 2012, MERS transferred the Deed to Defendant–Appellee HSBC Bank USA, N.A., as Trustee for Nomura Home Equity Loan Inc., Asset-Backed Certificates, Series 2006-FM1 (HSBC).

In April 2015, Mason, proceeding pro se, filed suit in Texas state court against various financial entities (Defendants) to determine the validity of his mortgage.[2] Mason alleged breach of contract, slander of title, void assignment, and fraud. His basic contention seemed to be that invalid transfers of the Note and Deed following their issuance voided any rights that the Defendants now claimed to the Palmer property. He requested relief in the form of a declaration that the Defendants had no right to the Palmer property. The lenders removed the case to the United States District Court for the Southern District of Texas, *see* 28 U.S.C. §§ 1332, 1441, and then filed two motions to dismiss.[3] The court issued a scheduling order setting a deadline of July 23, 2015, for Mason to respond to the first motion to dismiss; August 28, 2015, for Mason to respond to the second motion to dismiss; and September 1, 2015, for Mason to move to

---

[1] "MERS is a membership organization whose members include residential mortgage lenders and servicers, such as [Fremont]." *Harris Cty. v. MERSCORP Inc.*, 791 F.3d 545, 549 (5th Cir. 2015). MERS operates an "electronic registry . . . that tracks servicing rights and mortgage ownership in the United States." *Id.* "When a borrower obtains a home loan from a MERS-member bank, MERS is listed as the 'beneficiary' on the deed of trust. The promissory note, however, is executed in favor of the bank." *Id.*

[2] Specifically, Mason sued Fremont, MERS, HSBC, and Ocwen Loan Servicing. SGGH, LLC (SGGH) replaced Fremont as a party because it had succeeded Fremont through merger.

[3] SGGH filed its motion to dismiss separately from the other Defendants.

amend his complaint. Mason did not respond to the motions to dismiss by these deadlines nor did he timely move to amend his complaint.

On October 8, 2015, the magistrate judge recommended granting the Defendants' motions to dismiss all Mason's claims with prejudice. The magistrate judge also recommended denying Mason leave to amend his claims because they were all "premised on meritless theories that c[ould not] be salvaged by repleading." Mason did not file any objection to the magistrate judge's recommendation, and on October 28, the district court accepted the magistrate judge's recommendations in full and dismissed Mason's claims with prejudice. On November 13, Mason moved for reconsideration, explaining that family illnesses prevented him from responding to the Defendants' motions and from objecting to the magistrate judge's recommendations. He asked for leave to amend his complaint, explaining that he "erroneously" included a claim for slander of title in his complaint when he instead intended to include a claim to quiet title. In response, the Defendants argued that the court should deny Mason's motion for reconsideration because it "failed to establish any manifest error of law or newly-discovered evidence" and instead "solely raise[d] arguments that could have been made before" the district court adopted the magistrate judge's recommendation. The Defendants also urged that Mason not be allowed to amend his complaint because he "had plenty of time to request leave" to amend between when the Defendants' last motion to dismiss was filed—July 29—and the deadline set in the briefing schedule for requesting leave to amend—September 1.

Upon considering Mason's motion for reconsideration, the magistrate judge withdrew his earlier recommendation and issued amended findings of fact and conclusions of law. In this new report the magistrate judge recommended denying Mason's motion for reconsideration because Mason had failed to meet his burden to justify reconsideration and instead was merely

No. 16-10249

"improperly attempting to relitigate his claims."  The magistrate judge also recommended that Mason be denied leave to amend his complaint.  Mason did not object to any of the magistrate judge's recommendations, and on February 24, 2016, the district court again accepted the recommendations in full and ordered that Mason's motion for reconsideration be denied.  Mason timely appealed.

Mason first argues that the district court erred in denying him leave to amend his complaint.  Although we normally review the denial of leave to amend for abuse of discretion, *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013), our review is limited to plain error when the complaining party failed to object to the magistrate judge's recommendation after the party was warned of the consequences of failure to object.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).[4]  Here the magistrate judge's written report recommending denial of leave to amend warned that "[f]ailure to file specific written objections [within 14 days of service] will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted and adopted by the district court, except upon ground of plain error review."  Yet Mason did not file any written objections to the magistrate judge's recommendation.  Accordingly, we review the denial of leave to amend for plain error.  To establish plain error, a party must show that the error is clear, obvious, and affects his or her substantial rights.  *See Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 675 (5th Cir. 2015).

---

[4] 28 U.S.C. § 636(b)(1) expanded the period during which a party could object to the magistrate judge's recommendation from 10 days after service to 14 days. It otherwise left the holding of *Douglass* intact.

No. 16-10249

Federal Rule of Civil Procedure 15 provides that leave to amend should be granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), but when the deadline set by the court for seeking leave to amend has expired, the more stringent Rule 16(b) determines whether leave to amend should be granted. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). Under Rule 16(b), "good cause" must exist to allow amendment after the deadline has passed. Fed. R. Civ. P. 16(b)(4). Here, Mason did not seek leave to amend until the September 1 deadline set in the scheduling order had passed and the court had entered final judgment dismissing his complaint. However the magistrate judge declined to apply Rule 16's good cause standard because he found that leave to amend was not justified even under the more liberal Rule 15 standard. The magistrate judge found that all of the facts supporting Mason's proposed quiet title claim were available prior to dismissal, and thus Mason failed to exercise diligence in bringing this claim. He also found that, regardless, the proposed quiet title claim lacked merit.

We conclude this was not plain error. Although a pro se litigant should generally be afforded an opportunity to amend his complaint before it is dismissed, *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009), denial is nonetheless justified when the proposed amendment would be futile, *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999). An amendment is futile if "the amended complaint would fail to state a claim upon which relief could be granted" under the standard of Federal Rule of Civil Procedure 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). As the magistrate judge explained, Mason's proposed amendment—substitution of a quiet title claim for the slander of title

5

claim[5]—would be futile.  Under Texas law, a plaintiff asserting a quiet title claim has the burden of establishing his superior right to the property and "[can]not rely on the weakness of his adversary's title.  *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. —Corpus Christi 2001, no pet.).  But nowhere in his complaint or his motion for reconsideration does Mason plead facts demonstrating the superiority of his title to that of the Defendants.  Instead, Mason appears to challenge the validity of the assignment of the Note and Deed to HSBC, but "arguments that merely question the validity of an assignment of a deed of trust . . . are not a sufficient basis for a quiet title action under Texas law."  *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 383 (5th Cir. 2014) (per curiam).  Because Mason has not met his burden of showing that he can "establish his own superior right to the property, such as by pleading that he was current on his mortgage payments," it would be futile to allow Mason to amend his complaint to add a quiet title claim.  *Id.*  The district court did not plainly err in denying Mason leave to amend his complaint.

Mason finally argues that the district court erred in denying his motion for reconsideration.  For the reasons discussed above—namely, Mason's failure to object to the magistrate judge's recommendation that his motion for reconsideration be denied—our review is limited to plain error.  *See Lawrence*, 808 F.3d at 675.  We afford district courts "broad discretion" in resolving motions for reconsideration.  *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 677 (5th Cir. 2010).  Mason filed his motion for reconsideration within 28 days of the final judgment, so it is considered a Rule 59(e) motion to alter or amend the judgment.  *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010).

---

[5] In his motion for reconsideration Mason also referenced "newly discovered information" that he wished to include in his amended complaint, without further explanation of the substance of that information.  Mason does not mention this newly discovered information in his briefing on appeal, so we consider this basis for leave to amend abandoned and do not address it.  *See Geiger v. Jowers*, 404 F.3d 371, 373 n.6 (5th Cir. 2005).

No. 16-10249

A motion for reconsideration under Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). Rather, reconsideration under Rule 59(e) is only warranted when the proponent shows a need to correct a clear error of law, present newly discovered evidence, or consider an intervening change in controlling law. *See id*; *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Mason made none of these showings; he offered no new evidence, failed to demonstrate an intervening change in law, and failed to allege anything beyond mere disagreement with the magistrate's findings and recommendations. Mason's motion for reconsideration was in large part "simply a re-write" of his complaint. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 569 (5th Cir. 2003). To the extent that Mason did offer any new factual assertions or legal arguments, he failed to explain why he could not have offered them before final judgment was rendered. He did explain that his failure to timely respond to the motions to dismiss and object to the magistrate judge's original recommendations was due to family illnesses; however, these personal circumstances do not demonstrate why reconsideration is warranted under the Rule 59(e) framework. The district court did not plainly err in denying his motion for reconsideration.[6]

For the foregoing reasons we AFFIRM the judgment of the district court.

---

[6] Mason's brief makes passing references to other challenges to the district court's judgment such as its "blanket denial of all evidence presented" and its "going beyond the scope of its jurisdiction to grant the . . . baseless Motion to Dismiss." However Mason offers no further discussion or supporting citation for these arguments. So, even construing his arguments in the liberal manner to which pro se litigants are entitled, we consider these arguments abandoned. *See id.*