# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11501
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2017

Lyle W. Cayce
Clerk

JOE ALVIAR, JR.,

Plaintiff - Appellant

v.

JOHN LILLARD, Individually,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Joe Alviar, Jr. sued his former employer, Macy's Retail Holdings, Inc., a wholly-owned subsidiary of Macy's, Inc. (collectively, "Macy's"), and his former supervisor at Macy's, John Lillard, in Texas state court. After Macy's removed the case to federal district court, Alviar moved to remand and Lillard moved to dismiss the action against him under Fed. R. Civ. P. 12(b)(6). The district court denied Alviar's motion to remand, granted Lillard's motion to dismiss, and entered final judgment for Lillard under Rule 54(b). Alviar appealed, and we now affirm in part and remand in part.

No. 16-11501

I

Alviar was employed as an Asset Protection Manager by Macy's. He was diagnosed with Post Traumatic Stress Disorder ("PTSD") after serving in the United States Army. Alviar alleged that he was subjected to discrimination by Lillard, the Director of Asset Protection, when Lillard expressed hostility to Alviar's PTSD and made inappropriate statements to Alviar regarding his condition.

In August 2015, Macy's fired Alviar. Alviar alleged that Macy's stated reason for firing him was false and a "mere pretext for unlawful discrimination" based on his PTSD condition. Additionally, Alviar claimed that "Lillard interfered with [his] contract of employment with Macy's by terminating him and making the performance of the contract more difficult on account of [his] disability and status as a veteran, in violation of Macy's policy[,] which expresses disapproval of discrimination based on disability and Veteran status." Alviar alleged that Lillard's actions were contrary to the interests of Macy's.

Alviar sued Macy's and Lillard in Texas state court, claiming that Macy's discriminated against him based on his disability in violation of the Texas Labor Code. Additionally, he claimed that Lillard tortiously interfered with his employment contract with Macy's. Macy's removed the suit to federal court on the basis of diversity jurisdiction, contending that the district court should ignore the in-state and non-diverse citizenship of Lillard because he was improperly joined to defeat diversity. Alviar moved to remand, arguing that because Lillard—acting in his own interest—tortiously interfered with Alviar's employment contract, he was properly joined, the parties were not completely diverse, and district court lacked jurisdiction. Lillard moved to dismiss the suit against him under Rule 12(b)(6). The district court denied Alviar's motion to

No. 16-11501

remand and granted Lillard's motion to dismiss. Alviar timely appealed the order dismissing the claim against Lillard.

## II

Alviar is a citizen of Texas and both Macy's organizations are foreign corporations. Lillard—a citizen of Texas—is an impediment to diversity jurisdiction for two reasons. First, for diversity jurisdiction to exist under 28 U.S.C. § 1332, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *McLaughin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citation omitted). Additionally, a case cannot be removed based on diversity jurisdiction if any properly joined defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). "Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (citation and alteration omitted). To establish improper joinder under the second prong, the defendant must demonstrate "that there is no possibility of recovery" against the in-state or non-diverse defendant, "which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or non-diverse] defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Accordingly, to determine whether an in-state or non-diverse defendant was properly joined, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the . . . defendant." *Id.*

## III

"We review *de novo* the district court's 'determination that a party is improperly joined and [its] denial of a motion for remand.'" *Davidson v. Ga-*

No. 16-11501

*Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (quoting *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009)) (alteration in original).

IV

"Under Texas law, the elements of tortious interference with a contract are: (1) the existence of a contract, (2) willful and intentional interference, (3) interference that proximately caused damages, and (4) actual damage or loss." *Mumfrey*, 719 F.3d at 402 (citing *Powell Indus., Inc. v. Allen*, 985 S.W.2d 455, 456 (Tex. 1998) (per curiam)). "When the defendant is both a corporate agent and the third party who allegedly induced the corporation's breach, the second element is particularly important." *Id.* (quoting *Powell*, 985 S.W.2d at 456–57). "To maintain a tortious interference suit against a corporate agent or representative, a plaintiff must show that the agent acted willfully and intentionally to serve the agent's personal interests at the corporation's expense." *Id.* at 402–03 (citing *Powell*, 985 S.W.2d at 457). "Even an agent's mixed motives—benefitting himself and the corporation—are insufficient." *Id.* at 403 (citing *Powell*, 985 S.W.2d at 457). Thus, "[b]ecause a corporate officer's acts on the corporation's behalf usually are deemed corporate interests, a plaintiff must show that the agent acted solely in his own interests." *Powell*, 985 S.W.2d at 457 (citing *ACS Inv'rs Inc. v. McLaughlin*, 943 S.W.2d 426, 432 (Tex. 1997) ("[T]he plaintiff must show that the officer acted in a manner so contrary to the corporation's best interests that his or her actions could only have been motivated by personal interest.")

The district court held that it had no reasonable basis to predict that Alviar might be able to recover against Lillard for tortious interference because Alviar failed to allege that Lillard was acting to serve his own personal

interests.[1] We agree. Although Alviar alleges that Lillard's actions violated Macy's internal anti-discrimination policies, Alviar failed to plead any facts showing that Lillard acted *solely* in his own interests. *See Powell*, 985 S.W.2d at 457; *ACS*, 943 S.W.2d at 432. Indeed, Alviar makes no allegations regarding how Lillard's alleged conduct benefitted Lillard personally at all. *See Holloway v. Skinner*, 898 S.W.2d 793, 798 (Tex. 1995) ("[T]here must be evidence that [the agent] personally benefitted from decisions that were inconsistent with his duty to the Corporation . . . ."). Alviar argues that the court should infer that Lillard was acting solely in his own interests from the petition's allegations that Lillard acted in violation of Macy's internal policies and, thus, contrary to the interests of Macy's. Under Texas law, however, "[i]f a corporation does not complain about its agents actions, then the agent cannot be held to have acted contrary to the corporation's interests." *Mumfrey*, 719 F.3d at 403 (citing *Morgan Stanley & Co. v. Tex. Oil Co.*, 958 S.W.2d 178, 181–82 (Tex. 1997)). Alviar never alleged that Macy's complained about Lillard's behavior or disciplined Lillard for his conduct in violation of internal policy. *See id.* Accordingly, Alviar has failed to adequately plead that Lillard acted willfully and intentionally at the expense of Macy's. *Id.*

Relying on an unpublished district court case, *Rush v. Jacobs Engineering Group, Inc.*, No. 3:14-CV-3723-B, 2015 WL 1511122 (N.D. Tex. Apr. 2, 2015), Alviar contends that his allegation that Lillard acted in violation of Macy's internal policy is sufficient to plead that Lillard acted contrary to

---

[1] When ruling on the motion to remand, the district court properly considered the allegations in Alviar's initial state-court petition, rather than his First Amended complaint filed in district court. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal."). The district court correctly noted that the First Amended Complaint was "nearly identical in substance" to the state-court petition.

No. 16-11501

Macy's interests and solely in his own interests. In *Rush*, the district court acknowledged the Texas Supreme Court's ruling that a corporate agent may not be held to have acted contrary to the corporation's interests unless the corporation complained about its agent's actions. 2015 WL 1511122, *2 n.2 (*citing Morgan Stanley*, 958 S.W.2d at 181–82). Nonetheless, the court observed that the Texas Supreme Court "ha[d] never specified the form that such a complaint must take." *Id.* The court reasoned that "where . . . the corporation has proactively expressed its disapproval of an agent's actions in a published code of conduct, it seems overly technical to also require the plaintiff to show that the corporation complained about those actions after they occurred." *Id.* Thus, the court found it could "reasonably infer from the fact that [the agent's] actions violated [the company's] code of conduct and policies that [the company] disapproved of [the agent's] actions and, therefore, that he must have been acting solely in his own interests when he took them."

For three reasons, we reject the district court's reasoning in *Rush*. First, it contradicts the clear language of the Texas Supreme Court, which requires a "complaint" by a principal of an agent's actions. *Morgan Stanley,* 958 S.W.2d at 181 (emphasis added). The *Morgan Stanley* court explained that a principal "is certainly a better judge of its own best interests than we are," and that it was "entitled to assess its own interests." *Id.* at 181–82. Thus, the court determined that a plaintiff claiming tortious interference by an agent must allege that the corporate principal "complained" of the agent's action. *Id.* The *Rush* court's determination that it could "reasonably infer" that an agent was acting at the expense of its corporate principal cannot be reconciled with this rule. It does not automatically follow from the existence of corporate policies that any action taken in violation of those policies is taken at the expense of the company. Actions that might violate corporate codes of conduct or internal policies may in fact benefit the company at least in part. Indeed, the company

6

may even know that its agent is violating company policy, and rather than complain of the agent's actions, stay silent and benefit from the agent's conduct. Second, even if a court could validly infer that an agent who violates corporate policy is necessarily acting at the expense of the corporation, this inference still does not suffice to demonstrate that the agent was acting solely in his personal interest. *See Powell*, 985 S.W.2d at 457; *ACS*, 943 S.W.2d at 432. Thus, to establish tortious interference, a plaintiff must show that the agent personally benefitted from his actions. *See Holloway*, 898 S.W.2d at 798. Third, given the ubiquity of corporate policies and codes of conduct, the practical consequence of the *Rush* court's reasoning would be that plaintiffs in employment discrimination suits would be able to plead tortious interference against an individual corporate agent and possibly defeat diversity jurisdiction in nearly every employment discrimination case. *Cf. Holloway*, 898 S.W.2d at 796 (observing that absent a requirement of proof that the agent acted in his sole interest at the expense of the corporation, "virtually every failure to pay a corporate debt would constitute a prima facie case of tortious interference against the corporate officer who decided not to pay the debt.").[2]

V

After determining that Lillard was improperly joined, and relying on this court's unpublished opinion in *Berry v. Hardwick*, 152 F. App'x 371, 374 (5th Cir. 2005), the district court granted Lillard's Rule 12(b)(6) motion and dismissed the tortious interference claim with prejudice. In a later, published

---

[2] Alviar also contends that the district court erred by considering extrinsic evidence—an email from Alviar to Macy's in which Alviar admitted to performance issues. This argument is unavailing. This court has made clear that district courts may, in their discretion, "pierce the pleadings and conduct a summary inquiry" where a "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. Citing *Smallwood,* the district court concluded that such summary inquiry was appropriate. Moreover, the district court explained that it would have reached the same conclusion even without considering this extrinsic evidence.

No. 16-11501

opinion, however, we held that "the only ground for dismissing any improperly joined, nondiverse party is lack of subject matter jurisdiction." *Int'l Energy Ventures Mgmt. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016). "To dismiss on any other basis would require the presence of jurisdiction that does not exist." *Id.* "Therefore, the dismissal of a nondiverse party over whom the court does not have jurisdiction must be a dismissal *without* prejudice in every instance." *Id.*

Accordingly, we hold that once the district court determined that Lillard was improperly joined, the district court effectively dismissed Alviar's claim against him *without prejudice. See id.* We remand to the district court with instructions to vacate its grant of Lillard's motion to dismiss his claims *with prejudice.*[3]

VI

For the foregoing reasons, we AFFIRM the district court's denial of Alviar's motion to remand. We REMAND to the district court with instructions to VACATE its grant of Lillard's motion to dismiss for failure to state a claim. Because the court lacks subject matter jurisdiction over Lillard, the claim against Lillard must be dismissed without prejudice.

---

[3] Because we hold that the claims against Lillard should be dismissed without prejudice, Alviar's argument that the district court erred in denying him an opportunity to amend is moot.

8