# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50732

United States Court of Appeals
Fifth Circuit

**FILED**

August 9, 2018

Lyle W. Cayce
Clerk

ALLAN R. WOLF,

      Plaintiff–Appellant,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Indenture Trustee for American Home Mortgage Investment Trust 2007-1; HOMEWARD RESIDENTIAL, INCORPORATED, formerly known as American Home Mortgage Servicing, Incorporated; LINDA GREEN; DANIELLE STERLING; AIMEE V. LERMAN, formerly known as Aimee L. Wolf,

      Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-cv-79

Before JOLLY, ELROD, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Allan Wolf appeals the denial of his motion to remand. We find that any defendants whose presence destroys complete diversity were improperly joined. Thus, a federal court may exercise diversity jurisdiction over the suit. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50732

## I. BACKGROUND

In 2007, Allan Wolf and his then-wife Aimee Lerman refinanced their property in Austin, Texas. The next year, they declared Chapter 7 bankruptcy and divorced. Soon after, Lerman conveyed her interest in the property to Wolf through a deed without warranty, and Wolf granted Lerman a "deed of trust to secure assumption."

Several years later, Deutsche Bank foreclosed on the property. In response, Wolf sued to quiet title and void the foreclosure. He sought a declaratory judgment that the interests of the Defendants—including Deutsche Bank, Homeward Residential, and Lerman—were void.[1]

Deutsche Bank removed the suit to federal court based on diversity jurisdiction and filed a motion to dismiss for failure to state a claim. Deutsche Bank claims that diversity jurisdiction exists because even though two Defendants—Lerman and Homeward Residential—are Texas citizens, they were improperly joined.[2]

Wolf moved to remand.[3] He claimed that the district court lacked subject matter jurisdiction over the suit because Lerman and Homeward Residential were properly joined. Wolf also argued that remand was proper because the state court had "prior exclusive jurisdiction" over the property.

A magistrate judge recommended denying Wolf's motion because he failed to allege a valid claim for quiet title against either Lerman or Homeward Residential. The magistrate judge concluded that these two Defendants were improperly joined, so the district court could exercise diversity jurisdiction over the suit. The magistrate judge also found the prior exclusive jurisdiction

---

[1] This is Wolf's fourth suit against Deutsche Bank alleging that the Bank lacked authority to foreclose.

[2] Deutsche Bank is a citizen of California.

[3] Wolf did not respond to the motion to dismiss.

doctrine inapplicable because removing the case to federal court divested the state court of jurisdiction. Finally, the magistrate judge recommended dismissing Wolf's complaint without prejudice.

The district court—after "having reviewed the entire record and finding no plain error"—adopted the magistrate judge's report and recommendations "for substantially the reasons stated" in the report. Accordingly, the court denied Wolf's motion to remand and granted Deutsche Bank's motion to dismiss. Wolf timely appealed.

## II. DISCUSSION

"We review a denial of a motion to remand de novo." *Brittania-U Nigeria, Ltd. v. Chevron USA, Inc.*, 866 F.3d 709, 712 (5th Cir. 2017) (citing *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016)).

We face two issues on appeal: (1) whether Wolf improperly joined Lerman and Homeward Residential; and (2) whether the prior exclusive jurisdiction doctrine prevents removal. We address each issue in turn.

### A.     Improper Joinder

"[F]ederal courts may exercise diversity jurisdiction over a civil action between citizens of different States if the amount in controversy exceeds $75,000."[4] *Flagg v. Stryker Corp.*, 819 F.3d 132, 135 (5th Cir. 2016). Diversity jurisdiction typically requires "complete diversity" of parties. *Id.* at 136. That is, no plaintiff may be a "citizen of the same State as any defendant." *Id.*

By statute, a defendant may remove a case from state court to federal court on the basis of diversity jurisdiction so long as none "of the parties in interest properly joined and served as defendants is a citizen of the State in

---

[4] Wolf seeks monetary relief in excess of $200,000, which satisfies the amount-in-controversy requirement.

which such action is brought." 28 U.S.C. § 1441(b)(2); *Alviar v. Lillard*, 854 F.3d 286, 289 (5th Cir. 2017). Generally, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

If a party has been improperly joined, however, the lack of complete diversity will not prevent a defendant from removing a case to federal court. When a "plaintiff improperly joins a non-diverse defendant, . . . the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant." *Flagg*, 819 F.3d at 136.

The defendant bears the burden of proving improper joinder. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004) (en banc). The defendant can prove improper joinder in two ways: (1) by showing "actual fraud in the pleading of jurisdictional facts," (i.e., the plaintiff pleaded something he knew was false); or (2) by showing the plaintiff's inability "to establish a cause of action against the non-diverse party in state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (quoting *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004)).

"To establish improper joinder under the second prong, the defendant must demonstrate that there is no possibility of recovery against the in-state or non-diverse defendant." *Alviar*, 854 F.3d at 289 (cleaned up). To predict whether a plaintiff may recover, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573 (footnote omitted). And, to survive a Rule 12(b)(6) challenge, "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim for relief. *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

Here, Deutsche Bank asserts that Wolf improperly joined Lerman and Homeward Residential. So we must evaluate whether Wolf's claims against those parties could survive a Rule 12(b)(6) challenge.

### 1. *Lerman*

Wolf raises a claim to quiet title against Lerman. Thus, under Texas law, Wolf must plausibly allege:

(1) his right, title, or ownership in real property;

(2) that the defendant has asserted a "cloud" on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and

(3) that the defendant's claim or encumbrance is invalid.

*Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014) (per curiam) (citing *Gordon v. W. Hous. Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.)).

Wolf failed to plausibly allege his claim. Wolf asserted in his original petition that his property was "affected by a claim from" Lerman, who has no "rights to claim any interest in" the property. These conclusory statements do not suffice. As Deutsche Bank notes, Wolf failed to explain how any claim Lerman holds would impair his title to the property. Wolf also did not plausibly allege that Lerman's claim is invalid. This means his claim against Lerman could not survive a Rule 12(b)(6) challenge. *See Iqbal*, 556 U.S. at 678.

No. 17-50732

Deutsche Bank carried its burden of proving that Wolf failed to plausibly allege a viable cause of action against Lerman. As the district court concluded, Wolf improperly joined Lerman to this suit.

### 2. *Homeward Residential*

Relatedly, Wolf raised a quiet title claim against Homeward Residential. As Deutsche Bank notes, however, Wolf failed to plead any facts sufficient to satisfy the second and third elements of a quiet title claim against Homeward Residential. Thus, Homeward Residential was also improperly joined.

**B.    Prior Exclusive Jurisdiction**

Wolf also argues that the suit must be remanded because the state court has prior exclusive jurisdiction over the property. Like the district court, we find this doctrine inapplicable.

The prior exclusive jurisdiction doctrine states that "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006).

As this court has noted, however, "the effect of removal is to deprive the state court of an action properly before it." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365–66 (5th Cir. 1995); *see* 28 U.S.C. § 1446(d) (establishing that once a party files notice of removal with the state court, "the State court shall proceed no further unless and until the case is remanded"). In other words, removal "divests the state court of jurisdiction and precludes any state-court/federal-court conflict." *Pittman v. Seterus, Inc.*, No. 3:14-CV-3852-M BF, 2015 WL 898990, at *2 (N.D. Tex. Mar. 2, 2015); *see also Iqbal v. Bank of Am., N.A.*, No. A-12-CA-938-SS, 2012 WL 11955635, at *5 (W.D. Tex. Dec. 18, 2012), *aff'd*, 559 F. App'x 363 (5th Cir. 2014) (explaining

that the doctrine "is not relevant to a lone state court action removed to federal court"). This is because:

> When a case begins in state court and is later removed to federal court, there are not *concurrent* proceedings. The removal action takes the case from the state court and places it in federal court. Because the state court no longer has jurisdiction over the case, there is no jurisdictional conflict for the law to avoid or resolve.

*Bank of Am.*, 2012 WL 11955635, at *4.

Here, once Deutsche Bank removed the case to federal court, no state court retained jurisdiction over the property; there were no concurrent proceedings. Thus, the prior exclusive jurisdiction doctrine is inapposite.

AFFIRMED.

7