# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10941
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2018

Lyle W. Cayce
Clerk

JERRY MASON,

      Plaintiff - Appellant

v.

OCWEN LOAN SERVICING, L.L.C., a debt collector that acquired Fremont Investment & Loan; POWER DEFAULT SERVICES, INCORPORATED, a debt collector; MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INCORPORATED, (MERS); CLARA TABORDA, MERS Assistant Secretary,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-877

Before ELROD, GRAVES, and DUNCAN, Circuit Judges.

PER CURIAM:*

Jerry Mason filed an amended civil complaint alleging causes of action for rescission under the Truth in Lending Act (TILA), 15 U.S.C. § 1635, and under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10941

1692p, in connection with the foreclosure of his home mortgage loan. He also filed a motion for a temporary restraining order (TRO) to prevent the foreclosure on his home. The district court dismissed Mason's amended complaint with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(b)(ii). The district court determined that TILA's right of rescission did not apply to residential mortgage transactions, and that his TILA claim was time barred because he executed his note on September 7, 2005, 11 years before his rescission letter of February 2017. The district court also dismissed Mason's FDCPA claim because the defendants, mortgage servicing companies and debt assignees, were not debt collectors as defined in the Act, and because action relating to foreclosure on a property is not the collection of debt within the meaning of the Act. The district court also denied his request for a TRO.

In reviewing whether the complaint fails to state a claim, a dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is reviewed under the same de novo standard for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

Mason argues that the district court erred in dismissing his TILA claim as time barred. Mason's right to rescind under TILA expired in September of 2008, three years after the loan was made, and he had no right to rescission in February of 2017 when he sent his rescission letter. Thus, the district court did not err in concluding that Mason's rescission claim was time barred. *See* 15 U.S.C. § 1635(f); *see also Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015); *Taylor v. Domestic Remodeling, Inc.*, 97 F.3d 96, 98 (5th Cir. 1996).

Mason argues that the district court erred in dismissing his FDCPA claims on the grounds that Ocwen and PDS are not debt collectors. Appellees argue that Mason does not address the district court's alternate ruling that conduct related to foreclosure is not collection of a debt under the FDCPA and

2

so has waived the issue.  Appellees are correct that because Mason has failed to challenge this aspect of the district court's disposition of his FDCPA claim, he has abandoned that issue.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Mason's admission that he defaulted on the loan in 2012 establishes that the loan was not in default when Ocwen began servicing the loan in 2006.  The district court did not err in dismissing Mason's FDCPA claim because Ocwen was not a debt collector under the Act.  *See* 15 U.S.C. § 1692a(6)(F); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).  Mason does not make any argument related to PDS's status as a debt collector separate from Ocwen.

Mason argues that the district court erred in denying his motion for a TRO.  We lack jurisdiction to consider the denial of a TRO.  *See Matter of Lieb*, 915 F.2d 180, 183 (5th Cir. 1990); *see also Faulder v. Johnson*, 178 F.3d 741, 742 (5th Cir. 1999).

Mason's appeal is without arguable merit and is frivolous.  *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  *See* 5TH CIR. R. 42.2.

This is the second time that Mason has unsuccessfully sought judicial relief from the foreclosure on his home.  *See Mason v. Fremont Investment & Loan*, 671 F. App'x 880 (5th Cir. 2016).  Mason IS WARNED, as a non-prisoner, that future frivolous filings will invite the imposition of sanctions, which may include monetary sanctions or restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.